UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMES KIRBY** | **CASE NO. 3:24-CV-00309** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **HARTFORD FIRE INSURANCE CO ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

MEMORANDUM RULING

Pending before the Court are Motions for Summary Judgment [Doc. Nos. 46; 47] filed respectively, by Defendants, Altec Capital Trust ("Altec") and Primoris Energy Services Corporation ("Primoris") (collectively, "Defendants"). Plaintiff, James Kirby ("Kirby"), does not oppose either Motion [Doc. Nos. 54; 55].

For the following reasons, Defendants' Motions are **GRANTED**.

I.   Background

This is an automobile-injury case. The parties first crossed paths on February 7, 2025, when Kirby was driving his truck with his wife down U.S. Highway 425 in Morehouse Parish, Louisiana.[1] Defendant, Colby Lovell ("Lovell"), was driving a bucket truck along Louisiana Highway 140.[2] The two roads met at an intersection where Highway 140 drivers are controlled by stop signs.[3]

---

[1] [Doc. No. 1-5, at ¶ 2].
[2] [Id. at ¶ 3].
[3] [Id.].

As Kirby drove towards the intersection, Lovell allegedly ran the stop sign and pulled his bucket truck in Kirby's path.[4] Kirby, who was already going below the speed limit, slammed his breaks, but the vehicles nevertheless collided.[5] Defendant, Hartford Fire Insurance Co. ("Hartford"), insured the bucket truck that Lovell drove.[6]

Kirby filed this suit in the Fourth Judicial District Court in Morehouse Parish, Louisiana, seeking damages from (1) Lovell for his alleged negligence and (2) Hartford for insurance proceeds for injuries Kirby and his wife sustained from the collision.[7] Defendants removed the case to this Court citing diversity jurisdiction.[8] Kirby also filed an amended complaint seeking damages from Primoris T&D Services, L.L.C. ("Primoris T&D"), Lovell's employer, under *respondeat superior* liability.[9]

Defendants filed this Motion, seeking a ruling that neither Altec nor Primoris employed Lovell at the time of the accident; and therefore, all claims against Altec and Primoris should be dismissed.[10]

The parties have briefed all relevant issues, and the matter is ripe for ruling.

II.     **Law and Analysis**

　　A.     **Standard of Review**

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant meets their initial burden of

---

[4] [Id. at ¶ 4].
[5] [Id.]; [Doc. No. 33-9, at p. 16].
[6] [Doc. No. 1-5, at ¶ 10].
[7] [Id. at ¶¶ 9–10].
[8] [Doc. No. 1].
[9] [Doc. No. 19, at p. 4].
[10] [Doc. No. 46]; [Doc. No. 47].

showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (citation modified). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgement." *Id.* at 247–48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). But summary judgment is appropriate when the evidence is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249 (1986) (citation modified).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation modified). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally—and importantly—there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

In diversity cases such as this, the forum state, i.e., Louisiana's substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### B. Altec's and Primoris' Liability

Defendants highlight that during discovery, Kirby realized that Defendants did not employ Lovell, and so, Kirby filed his First Amended Complaint to add Lovell's actual employer—Primoris T&D.[11] Defendants argue that since Louisiana *respondeat superior* liability requires "an employer/employee relationship" and neither Defendants employed Lovell, Defendants are not liable to Kirby under a *respondeat superior* theory.[12] Plaintiff agrees that neither Altec nor Primoris employed Lovell at the time of the accident.[13]

Therefore, under Louisiana law, neither Altec nor Primoris can be liable under *respondeat superior*. Since Kirby has no other claims or theories under which Altec and Primoris are liable, Altec and Primoris are entitled to summary judgment.

### III. Conclusion

For the above-stated reasons,

---

[11] [Doc. No. 46-1, p. 1]; [Doc. No. 47-1, p. 2].
[12] [Doc. No. 46-1, pp. 4–5 (citing LA. CIV. CODE ANN. art. 2320 (2025))]; [Doc. No. 47-1, pp. 4–5 (citing LA. CIV. CODE ANN. art. 2320 (2025))].
[13] [Doc. No. 54, p. 1]; [Doc. No. 55, p. 1].

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' Motions for Summary Judgment [Doc. Nos. 46; 47] are **GRANTED**, and Kirby's claims against Defendants are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 2nd day of December 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE